UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                          Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                          Not Present

**PROCEEDINGS:    (IN CHAMBERS)  ORDER (1) DENYING MOTION TO REMAND (Doc. 18); (2) DENYING MOTION TO DISMISS AND STRIKE AS MOOT (Doc. 20); AND (3) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND/OR STRIKE (Doc. 19)**

Before the Court are a Motion to Remand filed by Plaintiff Mike Moran, a Motion to Dismiss and Strike filed by Defendants Colman Perkins Law Group and Kelly Hara-Tadaki, and a Motion to Dismiss and/or Strike filed by Defendants Blue Hill Specialty Insurance Company, Inc., Alison Cullinan, and John Belleville.  (MTR, Doc. 18; Attorney Mot., Doc. 20; Blue Hill Mot., Doc. 19; Blue Hill Mem., Doc. 19-1.)  Defendants opposed the Motion to Remand, and Plaintiff replied.  (Opp. to MTR, Doc. 25; Joinder in Opp. to MTR, Doc. 26; Reply for MTR, Doc. 29.)  Plaintiff opposed the Motions to Dismiss and/or Strike, and Defendants replied.  (Opp. to Attorney Mot., Doc. 24; Reply for Attorney Mot., Doc. 28; Opp. to Blue Hill Mot., Doc. 23; Reply for Blue Hill Mot., Doc. 27.)  Having taken these matters under submission, and for the following reasons, the Court DENIES Plaintiff's Motion to Remand and dismisses Defendants Colman Perkins Law Group and Kelly Hara-Takadi from this action, rendering their Motion to Dismiss and Strike MOOT.  The Court GRANTS IN PART Blue Hill

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                    Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Specialty Insurance Company, Inc., Alison Cullinan, and John Belleville's Motion to Dismiss and/or Strike.

## I.    <u>BACKGROUND</u>

On July 26, 2023, Plaintiff Mike Moran was working as a driver for Uber when he was rear-ended by another vehicle in a hit-and-run collision.  (FAC ¶¶ 12–13, Doc. 17.)  Plaintiff was transported to the hospital following the accident.  (*Id.* ¶ 13.)  He alleges that he has sustained "life-altering injuries" and has undergone two surgeries as a result. (*Id.*)

At the time of the accident, Uber carried a motorist insurance policy (the "Policy") provided by Defendant Blue Hill Specialty Insurance Company, Inc. ("Blue Hill").[1] (FAC ¶ 12; Ex. 1 to FAC.)  The policy covered drivers for Uber.  (FAC ¶ 12.)  Plaintiff filed a claim with Blue Hill, seeking benefits under the Policy.  (*Id.* ¶ 14.)  Blue Hill retained Colman Perkins Law Group ("Colman Perkins") and Colman Perkins attorney Kelly Hara-Tadaki (together, "Attorney Defendants") as counsel to represent its interests in connection with Plaintiff's claim.  (*Id.* ¶ 15.)  Plaintiff alleges that he cooperated with Blue Hill's investigation of his claim for nearly two years, but no progress was made. (*Id.*)

On January 8, 2025, Plaintiff served Attorney Defendants and Blue Hill with a demand for arbitration, which they rejected.  (*Id.* ¶ 16.)  Attorney Defendants and Blue

---

[1] Specifically, Plaintiff alleges that the Policy was provided by Defendant Progressive Group of Insurance Companies, and underwritten by Defendant Blue Hill Specialty Insurance Company.  (FAC ¶ 12.)  However, Blue Hill states that "'Progressive Group of Insurance Companies' is not a legally cognizable entity," and asserts that Plaintiff erroneously sued Blue Hill as Progressive.  (NOR ¶¶ 4, 17, Doc. 1.)  Thus, where the FAC names Progressive, the Court instead refers to the insurance provider as Blue Hill throughout this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                          Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Hill then requested that Plaintiff undergo an Examination Under Oath ("EUO") and produce various documents, including his cell phone records from the 14 days prior to and following the collision, and bank statements from the 45 days prior to and following the collision.  (*Id.* ¶ 17.)  Attorney Defendants and Blue Hill further requested that Plaintiff "sign a blanket authorization for medical records, unrestricted in time or scope." (*Id.* ¶ 20.)

Plaintiff did not provide his "blanket authorization" for medical records.  (*Id.* ¶¶ 20–21.)  And while Plaintiff produced many of the documents requested by Attorney Defendants and Blue Hill on March 11, 2025, he did not produce his cell phone records and bank statements, asserting in part that their requests for these records were overbroad and invasive.  (*Id.* ¶¶ 22 n.5 & n.6, 26.)  On March 20, 2025, Attorney Defendants and Blue Hill cancelled the EUO and "insisted on additional document production."  (*Id.* ¶ 22.)  Plaintiff eventually produced his redacted bank statements, and later also produced all his medical records.  (*Id.* ¶¶ 24, 34.)

On June 18, 2025, Plaintiff filed a motion to compel arbitration of his claim in Los Angeles County Superior Court.  (*Id.* ¶ 32; Ex. E to Hara-Tadaki Decl., Doc. 25-7.)  On August 21, 2025, 12 days before the hearing on the motion, Attorney Defendants and Blue Hill sent Plaintiff a letter denying coverage based on Plaintiff's purported failure to cooperate with their investigation.  (FAC ¶ 37.)  Plaintiff sent a signed cell phone authorization and unredacted bank statements to Attorney Defendants and Blue Hill on September 9, 2025.  (*Id.* ¶ 38.)  Attorney Defendants and Blue Hill responded by asking for more documentation, but confirmed that coverage was still denied.  (*Id.* ¶ 40.)

Plaintiff filed the complaint in the instant action in Los Angeles County Superior Court on October 24, 2025, bringing eight state law claims against Defendants Blue Hill, Colman Perkins, Kelly Hara-Tadaki, and Blue Hill employees Alison Cullinan and John Belleville.  (Ex. A to NOR, Compl., Doc. 1-1.)  On December 1, 2025, Blue Hill, with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                        Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

the consent of Cullinan and Belleville, removed the action to federal court, invoking this Court's diversity jurisdiction.  (NOR, Doc. 1.)  Blue Hill asserts that although both Plaintiff and Attorney Defendants are citizens of California, Attorney Defendants are sham defendants whose citizenship should be disregarded.  (*Id.* ¶¶ 15–28.)

Plaintiff filed a First Amended Complaint ("FAC") on December 18, 2025 against the same Defendants, amending his claims to be for (1) breach of contract, (2) bad faith, (3) fraud, (4) negligence, (5) civil conspiracy, and (6) invasion of privacy.  (FAC.)

On December 31, 2025, Plaintiff filed a motion to remand, arguing that Attorney Defendants are not sham defendants.  (MTR.)  Blue Hill, Alison Cullinan, and John Belleville (together, "Blue Hill Defendants") filed an opposition, with which Attorney Defendants joined.  (Opp. to MTR; Joinder in Opp. to MTR.)  Attorney Defendants also filed a motion to dismiss Plaintiff's claims asserted against them—fraud, negligence, civil conspiracy, and invasion of privacy—and strike portions of the FAC.  (Attorney Mot.)  Finally, Blue Hill Defendants filed a motion to dismiss the same claims—fraud, negligence, civil conspiracy, and invasion of privacy—as asserted against Blue Hill Defendants, and strike portions of the FAC.  (Blue Hill Mot.)

## II.    <u>LEGAL STANDARD</u>

### A.    **Motion to Remand**

A defendant may remove to federal district court an action over which the court has original jurisdiction.  28 U.S.C. § 1441(a).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                    Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If the removing defendant asserts federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, "an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b)[.]"  *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted).  However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined."  *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted).  "[F]raudulently joined defendants will not defeat removal on diversity grounds."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  That is, a fraudulently joined "sham" defendant's presence in the lawsuit is "not relevant for purposes of [determining] diversity jurisdiction."  *United Comput. Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761–62 (9th Cir. 2002).

"Fraudulent joinder is a term of art."  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot establish a cause of action against the non-diverse party in state court."  *Robey v. FCA US LLC*, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quotations omitted).  A defendant seeking to remove on the basis of fraudulent joinder faces both "the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                    Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Courts in the Ninth Circuit have sometimes restricted their fraudulent joinder analysis to the operative complaint, without consideration of other causes of action or additional facts that might be alleged in amended pleadings.  *See, e.g.*, *Pasco v. Red Robin Gourmet Burgers, Inc.*, 2011 WL 5828153, at *3 (E.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, 2011 WL 6153173 (E.D. Cal. Dec. 12, 2011) ("The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that *could* be alleged via an amended complaint.").  However, "the majority of federal district court decisions within the Ninth Circuit (especially the more recent cases) . . . require the defendant to show not only that the plaintiff has not stated a claim, but would be denied leave to amend."  *Madayag v. McLane/Suneast, Inc.*, 2017 WL 30014, at *3 (E.D. Cal. Jan. 3, 2017) (surveying cases).  As this Court has previously found, the possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged.  *See Alvarez v. Target Corp.*, 2023 WL 12242343, at *2 (C.D. Cal. Mar. 29, 2023); *Shaw v. American Airlines, Inc.*, 2023 WL 1815870, at *3 (C.D. Cal. Feb. 7, 2023); *Reitz v. FCA US LLC*, 2021 WL 1905049, at *3 (C.D. Cal. May 11, 2021).

**B.      Motion to Dismiss**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                      Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

When courts find that a complaint fails to state a claim, they are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (indicating that leave to amend is granted with "extreme liberality"). But Rule 15's "liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). A proposed amendment is futile if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005).

### C.    Motion to Strike

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions to strike are generally disfavored because of the limited importance of pleading in federal practice, and because they are often used as a delay tactic." *Okada v. Whitehead*, 2016 WL 9448483, at *3 (C.D. Cal. June 8, 2016) (citing *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Id.* (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Id.* (citing *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965–66 (C.D. Cal. 2000)). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                              Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

## III.   ANALYSIS

At issue in the three motions before the Court is whether Plaintiff has stated claims for fraud, negligence, civil conspiracy, and invasion of privacy, against Attorney Defendants and Blue Hill Defendants.  The Court therefore analyzes each claim in turn, then discusses the implications of its analysis on the parties' motions.

### A.   Plaintiff's Fraud, Negligence, Conspiracy, and Invasion of Privacy Claims

#### 1.   Count III: Fraud

The elements of fraud are (1) misrepresentation (which may be affirmative or by concealment or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, *i.e.*, intent to induce reliance; (4) justifiable reliance; and (5) injury.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  Plaintiff alleges that Attorney Defendants and Blue Hill Defendants made intentional misrepresentations to Plaintiff about the Policy and the information needed to resolve Plaintiff's claim.  Specifically, Plaintiff alleges that Defendants made misrepresentations including the "concealment of material facts concerning available benefits under Plaintiff's policy," "misrepresentations designed to create new and different obstacles to processing . . . Plaintiff's claim despite the fact that no such obstacles were reasonable [or] necessary," false or misleading statements "that they had insufficient information and documentation to move forward with scheduling the EUO," and statements "denying coverage and misrepresenting the grounds therefore to Plaintiff[.]"  (FAC ¶ 69.)

Even assuming that these alleged misrepresentations are attributable to both Attorney Defendants and Blue Hill Defendants and constitute false statements of fact,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                          Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Plaintiff has not adequately alleged that he detrimentally relied on Defendants' purported misrepresentations.  "A misrepresentation of fact is material if it induced the plaintiff to alter his position to his detriment."  *Okun v. Morton*, 203 Cal. App. 3d 805, 828 (Ct. App. 1988).  First, it is unclear what Plaintiff is alleged to have done to his own detriment. Plaintiff alleges in a conclusory fashion that he "delay[ed] prosecution of his legal rights under the instant action," "delay[ed] his personal injury recovery," and spent "additional time and effort in an attempt to recover money owed from Defendants."  (FAC ¶ 72.) But the facts do not show that Plaintiff opted to delay pursuing his claim, nor chose to spend additional time and money.  Rather, the facts indicate that after Plaintiff served his demand for arbitration on January 8, 2025, he promptly responded to all Defendants' requests or concerns, and proactively reached out to Defendants to address delays in the claim resolution process.  (*See, e.g.*, *id.* ¶ 18 ("Immediately after receipt of said letter, on January 9, 2025, Plaintiff's counsel sent an email to Hara-Tadaki, disputing [Blue Hill's] rejection of Plaintiff's demand for arbitration . . ."); *id.* ¶ 23 ("On March 24, 2025, Plaintiff's counsel . . . requested to speak with Hara-Tadaki in order to meet and confer about the further document requests."); *id.* ¶ 29 ("On June 13, 2025, Plaintiff sent another email to Hara-Tadaki of Colman Perkins, stating . . . 'We have made a good faith effort to provide documents . . . .  As it seems that we are at an impasse, we will be filing our motion to compel arbitration.'").)  At best, Plaintiff's allegations support the notion that he was *forced* to spend additional time and delay his claim, but this is not sufficient to allege that Defendants induced Plaintiff to change his position in any way.  *See McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1148 (1994) ("[Plaintiffs] argue that the insureds had no choice but to rely on National Union's misrepresentations . . . .  National Union may have engaged in heavyhanded tactics . . . but that was not the legal theory of the [fraud] cause of action.").

Moreover, even if Plaintiff had chosen to take some action to his detriment, Plaintiff pleads no facts indicating that he did so because he was deceived by Defendants' statements about what was needed in the claim resolution process.  To establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                          Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

detrimental reliance and recover for fraud, "[t]he plaintiff must have been deceived or misled by the falsity."  *McLaughlin*, 23 Cal. App. 4th at 1147.  Here, Plaintiff's FAC indicates that he did not believe Defendants' purported false statements, but rather that he disagreed with Defendants and contested their assertions.  (*See, e.g.*, FAC ¶ 20 ("Plaintiff objected that the authorization was beyond the scope of permissible discovery[.]"); *id.* ¶ 24 ("Plaintiff [stated] 'While I do not believe that you are entitled to his private bank records, I have attached redacted bank records . . .'"); *id.* ¶ 26 ("Plaintiff's counsel [stated] 'Please advise your client that some of these overbroad and invasive requests (e.g., bank records) violate the Discovery Act[.]'").)  Without any facts to support the notion that Plaintiff was deceived, Plaintiff has not pleaded any "justifiable reliance on a falsity"; thus, he has failed to plausibly allege a claim for fraud against all Defendants. *McLaughlin*, 23 Cal. App. 4th at 1148.

### 2.      Count V: Negligence

Plaintiff broadly alleges that "Defendants and each of them had independent duties to Plaintiff and he was further[] injured due to the aforementioned negligent acts or omissions in breach of those duties by Defendants[.]"  (FAC ¶ 90.)  In his briefing, Plaintiff clarifies that his negligence claim may also be deemed a negligent misrepresentation claim, and that it is based "on the broader conduct of Blue Hill and its Adjusters Cullinan and Belleville in making misrepresentations that caused harm to plaintiff."  (Opp. at 5.)

To state a claim for negligent misrepresentation, a plaintiff must plead "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  *Unichappell Music, Inc. v. Modrock Prod., LLC*, 2015 WL 546059, at *3 (C.D. Cal. Feb. 10, 2015) (quoting *Fox v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                                    Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

*Pollack*, 181 Cal. App. 3d 954, 962 (1986)).  As with Plaintiff's fraud claim, Plaintiff has failed to plead ignorance of truth and justifiable reliance on any statement made. Accordingly, Plaintiff has failed to state a claim of negligence or negligent misrepresentation as to all Defendants.

### 3.        Count VII: Conspiracy

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994).  "Standing alone, a conspiracy does no harm and engenders no tort liability.  It must be activated by the commission of an actual tort."  *Id.*  The alleged conspiracy is therefore not a separate cause of action, but rather an allegation that all Defendants are liable for breach of contract and breach of the covenant of good faith and fair dealing.[2]

However, Attorney Defendants, Belleville, and Cullinan cannot be held liable as co-conspirators for breach of contract or bad faith, as they were not parties to the contract.  "By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Applied Equip. Corp.*, 7 Cal. 4th at 511.  California courts have consistently held that because a non-party to a contract owes no duty under the contract, conspiracy can impose no liability on the non-party.  *Id.* (collecting cases).  And Plaintiff's breach of contract and bad faith claims are already brought against Blue Hill, rendering his conspiracy

---

[2] Plaintiff also alleges that Defendants "were part of a conspiracy to commit fraud/deceit" and "were part of a conspiracy to commit invasion of privacy."  (FAC ¶¶ 107, 116.)  But Plaintiff already brings these two claims against all Defendants, so his conspiracy allegations are duplicative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                         Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

allegations against Blue Hill duplicative.  Plaintiff has therefore failed to impose any additional liability on Defendants by alleging a conspiracy.

### 4.        Count VIII: Invasion of Privacy

Plaintiff alleges that Defendants "intentionally intruded on Plaintiff's right and expectation of privacy by insisting on repeated invasive discovery requests such as unredacted bank statements and cell phone records."  (FAC ¶ 121.)  The common law tort of invasion of privacy requires "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person."  *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998).  "As to the first element, 'the defendant must have "penetrated some zone of physical or sensory privacy . . . or obtained unwanted access to data" by electronic or other covert means, in violation of the law or social norms.'" *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1127 (9th Cir. 2017) (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009)).  Here, Plaintiff pleads no facts showing that Defendants obtained unwanted access to his unredacted bank statements and cell phone records through "covert means."  Plaintiff alleges only that Defendants requested these documents from Plaintiff; Plaintiff, after initially refusing to provide them, voluntarily produced them on September 9, 2025.  Because Plaintiff himself produced the relevant records, he has not plausibly alleged that Defendants penetrated any reasonable expectation of privacy, and fails to state an invasion of privacy claim.  *See Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 26 (1994) ("[T]he plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                          Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

### B.      Motion to Remand

Blue Hill invoked this Court's diversity jurisdiction in removing this action. "[A]n action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b)[.]" *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted).  The parties do not contest that Plaintiff is a citizen of California, Attorney Defendants are also citizens of California, and Blue Hill Defendants are not citizens of California.  (NOR ¶¶ 15–23; MTR at 3.)

However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted).  A removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot establish a cause of action against the non-diverse party in state court." *Robey v. FCA US LLC*, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quotations omitted).

Plaintiff brings fraud, negligence, conspiracy, and invasion of privacy claims against Attorney Defendants.  Thus, for the reasons discussed above, Plaintiff fails to state any claim against Attorney Defendants.  Moreover, it does not appear that Plaintiff could amend his pleadings to state any of these claims against any Defendant. *See Alvarez*, 2023 WL 12242343, at *2 ("[T]he possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged.").  As to Plaintiff's fraud and negligent misrepresentation claims, Plaintiff's FAC contains detailed factual allegations showing that Plaintiff neither believed nor relied upon Defendants' purported misrepresentations; no amended complaint could therefore plausibly allege detrimental reliance without contradicting the facts alleged in the FAC.  As to Plaintiff's conspiracy claim, the Court has concluded that conspiracy cannot impose additional liability on Defendants as a matter of law.  As to Plaintiff's invasion of privacy claim, Plaintiff has alleged that he allowed Defendants to access his sensitive information, meaning that, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                     Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

with his fraud and negligent misrepresentation claims, Plaintiff would have to plead contradictory facts to state a viable claim.  Because there exists no possible claim against Attorney Defendants, the Court concludes that Attorney Defendants have been fraudulently joined, and disregards their citizenship.

Thus, complete diversity exists as between Plaintiff and Blue Hill Defendants, and the parties do not dispute that the amount in controversy exceeds $75,000.  (*See* NOR ¶¶ 48–51.)  The Court therefore concludes that it possesses subject matter jurisdiction under 28 U.S.C. § 1332, and Plaintiff's motion to remand is DENIED.  Attorney Defendants are DISMISSED from this action as fraudulently joined defendants.

### C.      Attorney Defendants' Motion to Dismiss and Strike

Because Attorney Defendants have been dismissed from this action, Attorney Defendants' motion to dismiss and strike is MOOT.

### D.      Blue Hill Defendants' Motion to Dismiss and/or Strike

#### 1.        Blue Hill Defendants' Motion to Dismiss

Blue Hill Defendants first move to dismiss Plaintiff's claims for fraud, negligence, conspiracy, and invasion of privacy.  For the reasons discussed above, Plaintiff has failed to state a claim on these grounds, and leave to amend would be futile.  Plaintiff's fraud, negligence, conspiracy, and invasion of privacy claims are therefore DISMISSED WITH PREJUDICE.

Blue Hill Defendants additionally argue that the "FAC does not sufficiently plead facts demonstrating Plaintiff's entitlement to punitive damages."  (Blue Hill Mem. at 18.)  Plaintiff's FAC seeks "punitive and exemplary damages," in relevant part, for his claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                           Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

for the breach of the duty of good faith and fair dealing.  (FAC ¶ 67.)  However, in his opposition to Blue Hill Defendants' motion, Plaintiff failed to respond to Defendant's arguments regarding his punitive damages claim.  Thus, Plaintiff has abandoned this claim.  *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding a plaintiff "effectively abandoned" a claim by failing to respond to arguments in a motion to dismiss); *see also Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) ("The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims.").  Plaintiff's punitive damages claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

### 2.       Blue Hill Defendants' Motion to Strike

Blue Hill Defendants move to strike (1) allegations regarding the contractual liability of Cullinan and Belleville, and (2) Plaintiff's prayer for attorneys' fees, loss of use, and arbitration costs.  "Rule 12(f) motions to strike are generally disfavored," and "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation."  *Okada v. Whitehead*, 2016 WL 9448483, at *3 (C.D. Cal. June 8, 2016) (internal citations omitted).

First, Blue Hill Defendants move to strike paragraphs 45, 46, 49, and 50 within Plaintiff's breach of contract cause of action, which reference Cullinan and Belleville. (Blue Hill Mem. at 20.)  However, while the paragraphs in question mention Cullinan and Belleville, they also describe Blue Hill's behavior and provide background for Plaintiff's breach of contract claim against Blue Hill.  (*See* FAC ¶¶ 45, 46, 49, 50.)  It is therefore not "clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation," *Okada*, 2016 WL 9448483, at *3, so Blue Hill Defendant's motion to strike paragraphs 45, 46, 49, and 50 is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                          Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

Second, Blue Hill Defendants move to strike paragraph 52, in which Plaintiff seeks attorneys' fees and costs for his breach of contract claim; paragraphs 3–5 of Plaintiff's prayer for relief for his breach of contract claim, which seek loss of use damages, attorneys' fees, and arbitration costs; and other allegations regarding arbitration costs.  (Blue Hill Mem. at 20–21.)  Blue Hill Defendants argue, and the FAC shows, that Plaintiff did not incur arbitration costs.  (*See* FAC ¶¶ 36–37.)  Moreover, Blue Hill Defendants state that the Policy does not provide for the recovery of attorneys' fees or loss of use of the policy benefits.  (Blue Hill Mem. at 21; *see* Ex. 1 to FAC.)

In opposition, Plaintiff argues only that he seeks arbitration costs not for past arbitration, but for "future costs to be incurred[.]"  (Opp. to Blue Hill Mot. at 11.)  But there is no indication that the parties will proceed to arbitration under the Policy, and this statement does nothing to justify Plaintiff's prayer for attorneys' fees and loss of use damages.  Because it is apparent that there is no basis for Plaintiff to recover attorneys' fees, arbitration costs, or loss of use damages, the Court STRIKES paragraph 52, paragraphs 3–5 of Plaintiff's prayer for relief for his breach of contract claim, and other allegations regarding arbitration costs.

**IV.   <u>CONCLUSION</u>**

For the above reasons, Plaintiff's Motion to Remand is DENIED.  Defendants Colman Perkins and Hara-Tadaki are DISMISSED from this action, rendering Attorney Defendants' Motion to Dismiss and Strike MOOT.  Blue Hill Defendants' Motion to Dismiss and/or Strike is GRANTED IN PART AND DENIED IN PART.

Plaintiff's fraud, negligence, conspiracy, and invasion of privacy claims are DISMISSED WITH PREJUDICE.  Plaintiff's punitive damages claim is DISMISSED WITHOUT LEAVE TO AMEND.  Paragraph 52, paragraphs 3–5 of Plaintiff's prayer for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11467-JLS-DSR                    Date: February 26, 2026
Title:  Mike Moran v. Blue Hill Specialty Insurance Company, Inc. et al

relief for his breach of contract claim, and other allegations regarding arbitration costs in
the FAC are STRICKEN.


                                                    Initials of Deputy Clerk: kd